1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12

CEDRICK MARQUET HUDSON,
CDCR #F-77052,

Civil No.    10cv0191 JM (POR)

13

Plaintiff,

**ORDER:**

14

**(1) GRANTING MOTION TO
PROCEED *IN FORMA PAUPERIS*,
IMPOSING NO INITIAL PARTIAL
FILING FEE, GARNISHING $350.00
BALANCE FROM PRISONER'S
TRUST ACCOUNT [Doc. No. 4];
AND**

15
16

vs.

17
18

R.J. DONOVAN; DENNIS MORRIS;
ELIAS CONTRERAS;

**(2) DISMISSING COMPLAINT
FOR FAILURE TO STATE A
CLAIM PURSUANT TO  28 U.S.C.
§§ 1915(e)(2) AND 1915A(b)**

19
20
21

Defendants.

22
23
24

Cedrick Marquet Hudson ("Plaintiff"), a state prisoner currently incarcerated at the Richard J.

25

Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has

26

submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff has filed  a Motion to

27

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

28

**I.**

1

**MOTION TO PROCEED IFP [Doc. No. 4]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment

1  provisions set forth in 28 U.S.C. § 1915(b)(1).

2  **II.**

3  **INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

4  Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each

5  civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua

6  sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may

7  be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C.

8  § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

9  § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

10  (en banc) (noting that 28 U.S.C. §  1915(e) "not only permits but requires" the court to sua sponte

11  dismiss an *in forma pauperis* complaint that fails to state a claim).

12  Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal

13  of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C.

14  § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section

15  1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service

16  pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also*

17  *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening

18  pursuant to § 1915 should occur "before service of process is made on the opposing parties").

19  "[W]hen determining whether a complaint states a claim, a court must accept as true all

20  allegations of material fact and must construe those facts in the light most favorable to the plaintiff."

21  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

22  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In

23  addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los*

24  *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights

25  cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro

26  se civil rights complaint, however, the court may not "supply essential elements of claims that were not

27  initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

28  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting

1   under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant

2   of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See*

3   42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*,

4   769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

5         **B.      Eighth Amendment Claims**

6         Plaintiff claims that his Eighth Amendment rights have been violated due to conditions at RJD.

7   (*See* Compl. at 3.)   For example, Plaintiff alleges that there is overcrowding in the prison.   (*Id.*)

8   However, allegations of overcrowding, without additional facts, are insufficient to state a claim under

9   the Eighth Amendment.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).    In addition, Plaintiff

10  claims that he has been forced to take showers with cold water and the handling of the food at the prison

11  is unsanitary.  (*See* Compl. at 3.)  "[S]ubjection of a prisoner to lack of sanitation that is severe or

12  prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."  *Anderson*

13  *v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).  Conditions of confinement, consistent with the

14  Constitution, can be restrictive and harsh.  *Rhodes*, 452 U.S. at 337.  While Plaintiff may have alleged

15  some conditions that rise to the level of an Eighth Amendment violation, he has failed to allege facts

16  sufficient to show that any of the named Defendants acted with "deliberate indifference" to the

17  unconstitutional conditions which is required in order to establish an Eighth Amendment violation.  *See*

18  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

19        In addition, Plaintiff names the Richard J. Donovan Correctional Facility which is part of the

20  California Department of Corrections and Rehabilitation, as a Defendant.  (*See* Compl. at 1-2.)  The

21  State of California and the California Department of Corrections and Rehabilitation,  as an  agency of

22  the State of California, are not  "persons" subject to suit and are, instead, entitled to absolute immunity

23  from monetary damages actions under the Eleventh Amendment.  *See Seminole Tribe of Florida v.*

24  *Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106

25  (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state

26  department of corrections is not a "person" within the meaning of § 1983).   In order to state a claim

27  under  § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of

28  a right guaranteed under the Constitution or a federal statute.  *See* 42 U.S.C. § 1983.

Therefore, Plaintiff's claims for monetary damages against the State of California and R.J. Donovan Correctional Facility are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

To the extent that Plaintiff chooses to file an Amended Complaint, the Court cautions Plaintiff that his entire action may be subject to dismissal on the grounds that it appears that he failed to exhaust his administrative remedies prior to bringing this action.

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  *Porter v. Nussle*, 534 U.S. 516 (2002).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained,"  *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures."  *Id.* at 741. Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002)  holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their

confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to *suit*.") (emphasis original).  Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

2.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days' leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-

alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.      The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  March 8, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

7